UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARY ANN JENNINGS,

     Plaintiff,

v.                           CASE NO. 3:20-cv-485-MMH-JBT

KBRwyle TECHNOLOGY
SOLUTIONS, LLC,

     Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Defendant's Memorandum in Support of Motion to Dismiss ("Motion") (Doc. 25), Plaintiff's Response thereto (Doc. 29), and Defendant's Reply (Doc. 33).   The Motion was referred to the undersigned for a report and recommendation regarding an appropriate resolution.   (Doc. 43.) For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED** to the extent that the federal claims in Plaintiff's Second Amended Complaint ("SAC") (Doc. 13) be **DISMISSED with prejudice**, and the

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations."   Fed. R. Civ. P. 72(b)(2).   "A party may respond to another party's objections within 14 days after being served with a copy."   *Id.*   A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.   *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

state claims be **DISMISSED without prejudice** to refiling in state court.[2]

## I.      Pleadings and Background

*Pro se* Plaintiff brings claims against her former employer pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C §§ 621 *et seq*. ("ADEA"), and the Florida Civil Rights Act, Fla. Stat. §§ 760.01 *et seq*. ("FCRA").   (Doc. 13 at 3.)

The SAC provides no dates corresponding to its few factual allegations. (*See* Doc. 13.)   However, Plaintiff's prior filings in this case, including her original Complaint (Doc. 1) and her attached filings with the Equal Employment Opportunity Commission ("EEOC") (Docs. 1-3, 4 at 9–18), provide more factual detail, including a timeline for her allegations.   Plaintiff asks the Court to consider her prior filings in resolving the Motion because they are "intertwined and provide the bases and support of the Plaintiff's Complaint."   (Doc. 29 at 2.)   The undersigned generally agrees with Plaintiff that, in liberally construing her claims, all of her complaints may be read together for purposes of the Motion.   *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by

---

[2] Plaintiff should note that any statute of limitations pertaining to the refiling of her state law claims in state court will be tolled for 30 days after a dismissal of the instant action (unless Florida law provides for a longer period).   28 U.S.C. § 1367(d).   An untimely filing in state court may be prejudicial to her remaining claims.

2

attorneys and will, therefore, be liberally construed.").

Plaintiff's timeline describes the events leading up to the last day of her employment on May 23, 2018, which she regards as the day of her termination. (Doc. 4 at 14.)   Specifically, she states that on April 9, 2018, she was removed from her position while Defendant investigated complaints against her.   (*Id.* at 17.) Then, on April 18, she "sent a written complaint of gender and race discrimination, and detailed harassment charges," to Defendant and stated that "she did not wish to be forced out of a job she loved and requested a raise."   (*Id.*)   Finally, on April 26, 2018, she "was told . . . there was nowhere to assign her" and that "they were 'accepting her resignation.'"   (*Id.*)   Following this communication, Plaintiff "continued to reiterate her refusal to resign for the first week of May 2018, and refused to complete her resignation paperwork."   (*Id.*)   Her last day of employment was May 23, 2018, when she departed the ship she was working on and flew home.   (*Id.*)   Plaintiff filed her charge with the EEOC on March 18, 2019. (Doc. 13 at 5.)

## II.   Standard

Under Federal Rule of Civil Procedure 12(b)(6), the Court must determine whether the SAC sets forth sufficient factual allegations to establish a claim upon which relief can be granted.   In evaluating whether Plaintiff has stated a claim, the Court must determine whether the SAC satisfies Federal Rule of Civil Procedure

3

8(a)(2), which requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).

To satisfy this standard, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face.   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do.   *Iqbal*, 556 U.S. at 678. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Id.*   Though detailed factual allegations are not required to satisfy this standard, Rule 8(a) demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."   *Id.*   Indeed, allegations showing "[t]he mere possibility the defendant acted unlawfully [are] insufficient to survive a motion to dismiss*."   Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'") (quoting *Twombly*, 550 U.S. at 557).   Rather, the well-pled allegations must nudge the claim "across the line from conceivable to plausible."   *Twombly*, 550 U.S. at 570.

In ruling on a motion to dismiss under Rule 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. *Sinaltrainal*, 578 F.3d at 1260. However, the Court is not required to accept Plaintiff's legal conclusions. *Iqbal*, 556 U.S. at 678 (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). Nor is the Court "required to draw plaintiff's inference." *Sinaltrainal*, 578 F.3d at 1260 (internal citation and quotations omitted). "Similarly, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations." *Id.* (internal citation and quotations omitted); *see also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

While pleadings submitted by a *pro se* plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," *Tannenbaum*, 148 F.3d at 1263, "[a] [*pro se*] complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.' . . . prohibited by Rule 8(a)(2)." *Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008).[3]

---

[3] Although unpublished Eleventh Circuit decisions are not binding precedent, they may be persuasive authority on a particular point. *See, e.g., Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive."). Rule 32.1(a) of the Federal Rules of Appellate Procedure expressly allows citation to federal judicial unpublished dispositions that have been issued on or after January 1, 2007.

As such, even *pro se* complaints that are "disjointed, repetitive, disorganized and barely comprehensible" may be dismissed.   *Id.* at 276.

## III.   Analysis

The undersigned recommends that (1) the federal claims in the SAC are time-barred due to Plaintiff's untimely filing of her EEOC charge, (2) that further amendment is futile, and (3) that the Court should decline supplemental jurisdiction over Plaintiff's state law claims.

### A.   Plaintiff's Title VII and ADEA claims are time-barred due to the untimely filing of her EEOC charge.

Prior to bringing a claim under Title VII or the ADEA, a plaintiff is required to "exhaust certain administrative remedies."   *E.E.O.C. v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1271 (11th Cir. 2002) (Title VII); *Pouslen v. Publix Super Mkts., Inc.*, 302 F. App'x 906, 907 (11th Cir. 2008) (ADEA).   "The administrative process is initiated by timely filing a charge of discrimination."   *Joe's Stone Crabs, Inc.*, 296 F.3d at 1271.   "For a charge to be timely in a deferral state such as Florida, it must be filed within 300 days of the last discriminatory act."   *Id.*; *see also* 42 U.S.C. § 2000e-5(e)(1).   "A plaintiff's failure to timely file his or her charge renders the claims at issue time barred."   *Drisin v. Fla. Int'l Univ. Bd. of Trustees*, 2019 WL 289581, at *5 (S.D. Fla. Jan. 17, 2019).

"The time period for filing a complaint commences at the time an [adverse] employment decision is made and communicated to the plaintiff, even though one

6

of the adverse effects of the decision, such as an eventual loss of employment, does not occur until later."   *Watson v. Alabama Farmers Coop., Inc.*, 323 F. App'x 726, 728 (11th Cir. 2009) (citing *Del. State Coll. v. Ricks*, 449 U.S. 250, 258 (1980)).   "Mere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination."   *Del. State Coll.*, 449 U.S. at 275.

Liberally construing the allegations in a light most favorable to Plaintiff, the decision to terminate her occurred, at the latest, on April 26, 2018, when Defendant told her that it was "accepting her resignation."   (Doc. 4 at 17.)   Plaintiff apparently resisted that decision through the first week of May, but the decision was final as demonstrated by the fact that Defendant made travel arrangements to fly her home on May 23, 2018, the last day of her employment.   (*Id.*)   Thus, the 300-day limitation period for Plaintiff to file an EEOC charge based on her termination began on April 26, 2018. *See Watson*, 323 F. App'x 726 at 728; *Drisin*, 2019 WL 289581, at *5.   Plaintiff filed her EEOC charge 326 days later, on March 18, 2019.   (Doc. 13 at 5.)   Further, the remainder of Plaintiff's allegations concern the time period before her termination on April 26, 2018.   (*See* Doc. 4 at 9–18.)   Thus, the undersigned recommends that, because Plaintiff filed her EEOC charge more than 300 days after any plausible adverse employment action,

her Title VII and ADEA claims are time-barred and leave to amend would be futile.[4]

Plaintiff argues that her EEOC charge was "in compliance with the 300-day window" because she "technically was still employed until May 23, 2018." (Doc. 29 at 5.) However, "[m]ere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination." *Del. State Coll.*, 449 U.S. at 275. Moreover, Plaintiff adds that she received an email from a human resources representative on May 16, 2018, stating, "I want to reiterate, you will not be allowed to stay . . . after May 23, 2018, and if you miss your scheduled flight, it will be your responsibility to schedule and pay for your own travel arrangements to your home of record." (Doc. 29 at 5.) This additional information does not help Plaintiff's argument, but further supports the conclusion that Defendant decided to terminate Plaintiff, and communicated that decision to her, well before May 22, 2018, which was the 300th day before the date of the filing of her EEOC charge.

### B. The Court should decline supplemental jurisdiction over the Florida claims.

Because dismissal of the Title VII and ADEA claims would leave only state law claims pursuant to the FCRA, the undersigned recommends that the Court decline supplemental jurisdiction and dismiss the FCRA claims without prejudice

---

[4] Because the undersigned's recommendation is based on the federal claims being time-barred due to Plaintiff's untimely EEOC charge, the Court need not address Defendant's other arguments for dismissal. (*See* Doc. 25.)

8

to refiling in state court.[5]   *See Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088–89 (11th Cir. 2004) ("The decision to exercise supplemental jurisdiction over pend[e]nt state claims rests within the discretion of the district court.   We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial."   (Citation omitted)).

## IV.   Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

The Motion (**Doc. 25**) be **GRANTED** to the extent that the federal claims in Plaintiff's Second Amended Complaint (Doc. 13) be **DISMISSED with prejudice**, and the state claims be **DISMISSED without prejudice** to refiling in state court.

**DONE AND ENTERED** in Jacksonville, Florida, on November 29, 2021.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

*Pro Se* Plaintiff

Counsel of Record

---

[5] The limitations period for bringing an administrative charge pursuant to the FCRA is 365 days, rather than the 300 days applicable to federal charges.   Fla. Stat. § 760.11(1).

9